```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT CHARLESTON
```

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                CRIMINAL ACTION NO.: 2:05-00161

PERRY FRENCH HARVEY, JR.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion for expungement and firearms rights restoration.[1] (Doc. No. 65). The Government has not responded. Because defendant has failed to exhaust his administrative remedies, his motion is **DENIED**.

### I. Factual Background

Defendant was previously convicted of conspiring to pay voters for voting in the May 2004 primary election, in violation of 18 U.S.C. § 371. On February 28, 2006, the court sentenced defendant to a three-year term of probation, a $1,000 fine, and a $100 special assessment. Defendant's probationary term expired on February 27, 2009. By virtue of his felony conviction, federal law prohibits defendant from possessing a

---

[1] While defendant has termed his motion as a "Petition for Expungment [sic] and Firearms Rights Restoration," his motion seeks only restoration of his firearm rights, rather than the removal of a conviction from his criminal record.

firearm.  In the instant motion, he seeks relief from that disability.

## II.  Discussion

Having reviewed defendant's motion, the court concludes that he has failed to exhaust his administrative remedies and, as a result, the court lacks jurisdiction to rule on his motion. Title 18 U.S.C. § 925(c) provides, in pertinent part:

> A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice.

(2014).  Section 925(c) first requires an application, and ensuing denial, to the Attorney General or, for practical purposes, his designee at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

Defendant has provided no documentation of an application to the Attorney General or ATF for restoration of his firearm

2

rights. Furthermore, defendant has not provided any documentation of the Attorney General's or ATF's denial of his request. As a result, the court cannot conclude that defendant has met the jurisdictional requirement of section 925(c). Accordingly, the court must deny defendant's motion for lack of jurisdiction.

### III. Conclusion

Defendant's motion for restoration of his firearm rights, (Doc. No. 65), is **DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal's Office for this district, and the United States Probation Office.

**IT IS SO ORDERED** this 3rd day of March, 2015.

          ENTER:

          *[signature]*
          David A. Faber
          Senior United States District Judge